IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-157-BO

| | |
|---|---|
| iENTERTAINMENT NETWORK, INC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANIEL J. HAMMETT and GREAT )<br>OUTDOORS, LLC, )<br>)<br>Defendants. )<br>)<br>and )<br>)<br>GREAT OUTDOORS, LLC and DANIEL )<br>J. HAMMETT, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>iENTERTAINMENT NETWORK, INC, )<br>)<br>Defendant. ) | **ORDER** |

This cause comes before the Court on plaintiff, iEntertainment's motion for leave to amend the complaint [DE16] and motion for preliminary injunction [DE 18]. A hearing was held on these matters on July 29, 2014 at 10:00 a.m. in Elizabeth City, North Carolina. For the reasons discussed below, the motion to amend is GRANTED and the motion for preliminary injunction is DENIED.

## **BACKGROUND**

This action consolidates two cases, No. 5:14-CV-173-BO and No. 5:14-CV-157-BO, which were filed in this Court. Plaintiff iEntertainment ("iEnt"), a North Carolina corporation,

filed one of the cases against its former employee, Mr. Hammett, and his affiliated entities. Prior to being served, and without knowing that iEnt had filed an action, Mr. Hammett and Great Outdoors, LLC ("GO") filed a case against iEnt concerning a proposed asset sale that was never consummated. This Court entered its consolidation order on May 28, 2014. On June 18, 2014, plaintiff iEnt filed a motion to amend its complaint. Plaintiff iEnt seeks to amend its complaint in order to add My GO Games, LLC ("My GO") as a new defendant in this action and to bring a new claim for relief against Mr. Hammett for violating the non-compete and non-solicitation provisions of his Employment Agreement with iEnt.

Plaintiff iEnt simultaneously filed a motion for preliminary injunction with its motion to amend the complaint. Plaintiff iEnt requests that the Court enter a preliminary injunction on the second cause of action in their proposed amended verified complaint which enjoins defendants from violating the terms of the Employment Agreement. Plaintiff specifically mentions the non-compete, non-solicitation, and confidentiality provisions of the Employment Agreement.

## DISCUSSION

I.  MOTION TO AMEND.

Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15. It is within the discretion of the court to allow or deny the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the right to amend is not unfettered. "The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted). A proposed amendment is futile when "it advances a claim or defense that is legally insufficient on its face." *Joyner v. Abbott Labs.*, 674 F. Supp. 185, 190 (E.D.N.C. 1987).

2

Defendants Mr. Hammett and GO argue that plaintiff iEnt's proposed amended complaint should be denied as futile. Upon review, it is clear to the Court that the proposed amendment will not prejudice any of the defendants as plaintiff iEnt filed its motion to amend before discovery commenced and the scheduling order was entered. Further, the Court finds that the proposed amendment is not futile – it sets forth allegations which are sufficient to state a claim under the liberal pleading standards of this Court. Accordingly, the Court grants plaintiff iEnt's motion to amend the complaint and now considers its motion for preliminary injunction.

II. MOTION FOR PRELIMINARY INJUNCTION.

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Green*, 533 U.S. 674 (2008). A movant must make a clear showing of *each* of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009) (holding that the *Blackwelder* balance-of-hardships test no longer applies in light of *Winter*) *vacated on other grounds*, 130 S. Ct. 2371 (2010) (memorandum opinion). Plaintiff iEnt seeks injunctive relief against all defendants on its breach of contract claim against Mr. Hammett. Applying the standard announced in *Winter*, the Court finds that plaintiffs have failed to demonstrate that they are entitled to preliminary injunctive relief.

A. Likelihood of Success on the Merits.

The Court first considers the Employment Agreement between iEnt and Mr. Hammett to determine whether iEnt has demonstrated a likelihood of success on the merits on its breach of

3

contract claim. "Covenants not to compete between an employer and employee are 'not viewed favorably in modern law." *Farr Assocs., Inc. v. Baskin*, 530 S.E.2d 878, 881 (N.C. App. 2000) (quoting *Hartman v. W.H. Odell and Assocs., Inc.*, 450 S.E.2d 912, 916 (1994)). To be valid, the restrictions on the employee's future employability by others "must be no wider in scope than is necessary to protect the business of the employer." *Manpower of Guilford Cnty., Inc. v. Hedgecock*, 257 S.E.2d 109, 114 (N.C. App. 1979). If a non-compete covenant is "too broad to be a reasonable protection to the employer's business it will not be enforced. The courts will not rewrite a contract if it is too broad but will simply not enforce it." *Whittaker Gen. Med. Corp. v. Daniel*, 379 S.E.2d 824, 828 (N.C. 1989).

Defendants argue that the non-compete in this case is clearly overbroad. The noncompete purports to restrict Mr. Hammett from being connected in any manner with any person or entity which solicits, offers, offers to provide, or provides any services or products similar to those which company or its subsidiaries offer to their customers or prospective customers, or propose to offer at the time of termination for a period of two years following his termination. Such a broad restriction is likely unenforceable under North Carolina law. *See VisionAIR, Inc. v. James*, 606 S.E.2d 359, 363 (N.C. App. 2004) (holding a non-compete to be overly broad where it prohibited selling or developing any software products which will directly or indirectly compete with any of the employer's software products for two years after the termination of employment).

Further, defendants raise a plausible issue of fraudulent inducement. Fraud in inducement is grounds to rescind the Employment Agreement. *Clifford v. River Bend Plantation, Inc.*, 323 S.E.2d 23, 25 (N.C. 1984). Additionally, defendants raise the issue of whether or not iEnt paid Hammett the base salary set forth in the Employment Agreement, thereby voiding the restrictions

4

therein. There is also a dispute between the parties as to why Mr. Hammett was terminated and whether or not it was for cause. In light of these disputes, the allegations of fraud in inducement, and iEnt's failure to address these issues, the Court finds that plaintiff iEnt has not met its burden to show a reasonable likelihood of success on the merits.

      B.     Likelihood to Suffer Irreparable Harm.

A delay in seeking preliminary injunctive relief is indicative of a lack of imminent and irreparable harm to the plaintiff. *Southtech Orthopedics, Inc. v. Dingus*, 428 F. Supp. 2d 410, 420 (E.D.N.C. 2006); *Quince Orchard Valley Citizens Ass'n v. Hodel*, 872 F.2d 75, 80 (4th Cir. 1989). "An injury is considered irreparable when money alone cannot compensate for it. *Bd. of Light & Water Comm'rs v. Parkwood Sanitary Dist.*, 271 S.E.2d 402, 404 (N.C. App. 1980).

Here, iEnt waited nearly six months after terminating Mr. Hammett and three months after initiating this action to bring its motion for preliminary injunction. Additionally, iEnt has not made any showing that it would be impossible to properly calculate and quantify a loss in revenues or other damages that could be satisfied by monetary damages. In light of this, the Court finds that plaintiff iEnt has not established that it is likely to suffer irreparable harm.

      C.     Likelihood of Harm to Defendants.

If a preliminary injunction were granted here, the harm to defendants is clear. GO would not be able to run its business and Mr. Hammett would lose his livelihood pending a trial on the merits. This harm clearly outweighs the potential harms plaintiff would suffer and this factor weighs in favor of denying a preliminary injunction.

5

## CONCLUSION

For the reasons discussed above, plaintiff iEnt's motion to amend [DE 16] is GRANTED and iEnt's motion for preliminary injunction [DE 18] is DENIED. The Clerk is directed to file the proposed amended verified complaint.

SO ORDERED, this ___ day of August, 2014.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:14-cv-00157-BO   Document 35   Filed 08/07/14   Page 6 of 6